FILED
2022 Sep-06 PM 05:46
U.S. DISTRICT COURT
N.D. OF ALABAMA



2022 SEP -6 A 11:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court

for the

NORTHERN DISTRICT OF ALABAMA

Hallie Collins
*Plaintiff,*
*(Write your full name. No more than one plaintiff may be named in a pro se complaint)*

v.

Peco Foods, Inc
*Defendant(s),*
*(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names)*

Case No.: 7:22 cv 1139 LSC
*(to be filled in by the Clerk's Office)*

JURY TRIAL ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I. The Parties to This Complaint

### A. The Plaintiff

| | |
|---|---|
| Name | Hallie Collins |
| Street Address | 410 29th Place Unit C |
| City and County | Tuscaloosa AL |
| State and Zip Code | AL 35401 |
| Telephone Number | 205 340-6629 |
| E-mail Address *(if known)* | Halliemae C2020 @gmail com |

☐ **Check here to receive electronic notice through the e-mail listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed and saved.**

9/6/2022
**Date**

[signature]
**Participant Signature**

**II. Basis for Jurisdiction**

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Peco Foods Inc (Stephan Thornston) |
| Job or Title *(if known)* | Human resource |
| Street Address | 3701 Rees Phifer Ave |
| City and County | Tuscaloosa |
| State and Zip Code | AL 35401 |
| Telephone Number | 205-345 4711 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Peco Foods, Inc |
| Street Address | 3701 Reese Phifer Ave |
| City and County | Tuscaloosa |
| State and Zip Code | AL 35401 |
| Telephone Number | 205-345 4711 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

Relevant state law *(specify, if known)*:

Relevant city or county law *(specify, if known)*:

**III. Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me
- ☑ Termination of my employment
- ☐ Failure to promote me
- ☑ Failure to accommodate my disability
- ☐ Unequal terms and conditions of my employment
- ☑ Retaliation
- ☐ Other acts *(specify)*: ______

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s):

[illegible] 10/22/2021

C. I believe that defendant(s) *(check one)*:

☑ is/are still committing these acts against me

☐ is/are not still committing these acts against me

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race

☐ color

☐ gender/sex

☐ religion

☐ national origin

☐ age *(year of birth)* *(only when asserting a claim of age discrimination)*

☑ disability or perceived disability *(specify disability)* Anxity / Depression

Sexual Harrasment complaint

E. The facts of my case are as follows. Attach additional pages if needed. See Exhbit A

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

**IV. Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*: 12/09/22 12/15/2022

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter

☑ issued a Notice of Right to Sue letter, which I received on *(date)*: ________

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question:

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed

☑ less than 60 days have elapsed

**V. Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I lost my vehicle, got behind on bills still catching up due to agencies help Prolong a custodical battle due to lose of employment

## VI. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 09/06/2022

Signature of Plaintiff: Hallie Collins

Printed Name of Plaintiff: Hallie Collins

### B. For Attorneys

Date of Signing: ____________________

Signature of Attorney: ____________________

Printed Name of Attorney: ____________________

Bar Number: ____________________

Name of Law Firm: ____________________

Street Address: ____________________

State and Zip Code: ____________________

Telephone Number: ____________________

E-mail Address: ____________________



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Birmingham District Office**
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 651-7033
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/10/2022

**To:** Ms. Hallie L. Collins
410 29th Place Unit C
Tuscaloosa, AL 35401

Charge No: 420-2022-00686

EEOC Representative and email: TONIKO D. NOLAND
Federal Investigator
toniko.noland@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2022-00686.

On behalf of the Commission,

MICHAEL COCHRAN Digitally signed by MICHAEL COCHRAN Date: 2022.08.10 08:00:00 -05'00'

*for* Bradley A. Anderson
District Director

**Cc:**
PECO FOODS, INC.
c/o Claire Ketner
Brunini Grantham Grower & Hewes
190 E CAPITOL ST STE 100
Jackson, MS 39201

Brian O Noble
CAPSTONE LAW IMMIGRATION & EMPLOYMENT
1933 Richard Arrington Jr. Blvd. South, Suite 123
Birmingham, AL 35209

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 420-2022-00686 to the District Director at Bradley Anderson, 1130 22nd Street South Suite 2000

Birmingham, AL 35205.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC 420-2022-00686

and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Hallie Collins | 2052303576 | 07/15/1995 |

| Street Address | City, State and ZIP Code |
|---|---|
| 410 29th Place Unit C | Tuscaloosa, AL 35401 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| PECO Foods, Inc. | 1000+ | 2053454711 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3701 Reese Phifer Avenue | Tuscaloosa, AL 35401 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 07/26/21 | 10/22/21 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See Attached "Exhibit A" for particulars

RECEIVED

DEC 15 2021

E.E.O.C.
BIRMINGHAM DISTRICT

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State or Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

12/9/2021 Hallie Collins

Date *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC 420-2022-00686

and EEOC

State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Attached "Exhibit A" for particulars

RECEIVED
DEC 15 2021
E.E.O.C.
BIRMINGHAM DISTRICT

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State or Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

12-9-2021 [signature]

Date Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# Exhibit A

Particulars
Claimant: Hallie Collins
Respondent: PECO Foods, Inc. (Tuscaloosa)



420-2022-00686

My name is Hallie Collins, and I am an African American female. I began working for Respondent in May 2021, first through Onin staffing and then as a more traditional full-time employee in around late August of 2021. I started working in the Human Resources Department but transitioned to working at the nurse's station after a few months as an "Occupational Health Nurse." In the nurse's station, I would tend to team members who needed an aspirin, hands wrapped, doctors' notes received, etc., and I did things like stocking medical supplies.

In about September 2021, I learned that my supervisor, Darnell Hill (a male nurse who also performed the role of safety manager during this time) encouraged (and participated in) workplace bets with men about who would "fuck me" first. This was deeply offensive and also sexual harassment. There were text messages going around about this, and that's how I learned. Long story short, I know that Darnell was involved along with Fladrick Marshall, and supposedly others as well. I stopped talking to Darnell and began focusing solely on the task at hand. That's how I tried to handle it at first. But Darnell cornered me in mid-September 2021 and wanted to know why I was "acting so funny." I told him I knew that he was participating in some sort of wager with others about which of my co-workers would have sex with me first. He changed his tune and said he only wanted to talk about matters PECO-related. In other words, "don't oppose sexual harassment" to my supervisor. That was the message I received loud and clear.

I was going to listen until I talked to Stacey Locke, the night nurse. She encouraged me to come forward about Darnell's inappropriate sexual conduct based on what Darnell did to her. Darnell spread a rumor Stacey she was "gangbanged on the back dock" (at work) and she had a child as a result of the "gangbang." She, of course, was offended about this but unable to secure any justice on the issue. Darnell was still employed and nothing happened to him. He's known for sexual misconduct. But Darnell has been at PECO (a company that has a lot of turnover and discrimination issues to my knowledge) for more than a decade unlike most. So, we both suspected he was allowed to get away with this sort of stuff. We were right.

Encouraged by Stacey, I came forward to Steven Johnston in HR. I reported the incident on 9/20/2021, and delivered a formal sexual harassment complaint letter on 9/29/2021. Johnston called me in on September 30th. He told me he had known Darnell for 12 twelve years and that he basically didn't believe me. I was surprised at his attitude. He said "what do you want me to do" in a sarcastic voice. I said I didn't want to hear about my co-workers trying to have sex with me and their bets



420-2022-00686

to that end. Johnston said he couldn't make that happen, and he told me to keep my mouth shut because me talking about it could "taint" his investigation or something to that effect. I also said I would like the matter to be handled according to policy. I also stated that I deal with extreme anxiety (disability),[1] and I would appreciate the situation being handled swiftly creating the least amount of tension in the workplace (reasonable accommodation). I was afraid that my complaint would be met with retaliation. Johnston said he couldn't guarantee any of this. He seemed more interested in documenting what he wanted documented than in hearing or helping me with anything. To that end, Johnston had a problem with my statement and literally told me he was going to rewrite it and put the details he wanted in it (including our conversation supposedly) so he could have the statement he wanted. This was shocking to me. I began to feel physically ill and regretted my decision to come forward.

After the meeting, Johnston left me working with, around, and/or under Darnell depending on which day it was. I was soon threatened by Darnell (I was a "motherfucker" coming for his job who better "make sure" my "hands are clean") and told by Karen Ruize (works with PECO and Onin) that my complaint disrupted the office. I was told that I was "blowing up the office." It's almost as if this was orchestrated, and I can't help but think it was. I was accosted by Porsha Smith (deboner and tour guide) who is Darnell's close friend. And also right after the complaint, Darnell began sending me emails nitpicking all of my work. I'm not saying I got everything right all the time (I was still learning the job), but this didn't happen in this way at this volume before I made a complaint of sexual harassment. Prior to reporting sexual harassment, I had no write ups or disciplinary actions at all. But now it looked like I was being counseled out of nowhere. I hadn't even been trained on these things. And Darnell began actively withholding training from me, so I certainly wasn't going to get any better with him doing that. There were several instances where I sought direction from Darnell in order to perform my job duties correctly and was met with a dismissing attitude or vague instruction. I was afraid I made a mistake and that HR, Johnston, was going to find a way to back Darnell and get rid of me. I was right.

From October 4, 2021 to October 22, 2021, I was not informed of any updates, questioned, or contacted regarding the alleged investigation for the sexual harassment complaint. I was scared regarding the situation completely or even about

---

[1] The EEOC has my permission to reveal my disability as it sees fit for the purposes of doing its job.

RECEIVED
DEC 15 2021
E.E.O.C.

420-2022-00684

bringing it up to human resources simply because I was afraid of retaliation during while I was still doing my training. I was always told that Peco Foods is one company that if it's a problem that they don't want to deal with issue easily just get rid of you[2] so they no longer have to deal with the problem instead of making the environment a good environment to work in they rather just dispose of an incident versus actually investigating it and see what can be done to make the environment more healthy to work in. After the I came forward to Johnston and was accosted by Porsha Smith, among the other items noted above, I began to feel very uncomfortable and unsafe and I felt that I was being treated differently due to the investigation that was supposed to be taking place it was very hard to work because I felt as if though it was a hostile work environment when brought it to my human resource supervisor it only got worse and led to the victim being fired.

At 3pm on October 22, 2021, Stephen Johnston along with Chelsi Jones entered my designated work area. Mr. Johnston handed me a letter of termination that listed specific time periods away from my work area and read my probationary period was unsatisfactory and therefore, I was terminated effective immediately. I was told 32 hours of unworked time within 72 hour time span but when calculating the hours it was only 4.29 hours, and I was not allowed an opportunity to explain a thing. They didn't want to hear it. Johnston was covering for Darnell.

But I will explain now:

The job at the nurse's station came in waves of busyness and downtime. During the downtimes, I would sometimes go a few feet outside of the door and wait for the spike. This was a known and accepted practice at PECO, and that's why I did it. And, like almost everyone else I know, I sometimes went to my car (literally 25 steps away from the nurse's desk) towards the end of shift if there was nothing to do but wait. Of course, I carried my walkie talkie and had my phone, and let the nurse I was working with know. I could see and hear anything I needed to see and hear while sitting in my car. Darnell knew I did this. Stephen Johnston knew I did this. Neither of them said a word about it because it was an accepted practice. I also ate lunch and took breaks from my car many times. From working in HR, I know employees who <u>left work</u> for extended periods of time (including Darnell) and weren't even disciplined. I think I recall James Little leaving the premises for hours

[2] I saw this myself. For example, my co-worker Shamiya Beckham was told by PECO that they accepted her resignation. She didn't quit and only asked about a pay increase. (See also Charge No. 420-2021-02740, also involving Johnston and a similarly deceptive tactic).



420-2022-00686

at a time on more than five occasions and that leading to his termination (after five times with warnings!). Darnell would leave off the property and not even clock out; he would just take off sometimes. No one said a word until I had a problem with sexual harassment. It is clear to me they looked for a reason to fire me and found one they liked. If this was a problem, why not tell me (and everyone else)? I never learned about the result of my sexual harassment "investigation," but I can only assume that the result was terminate the victim who speaks up. [3]

Based on the foregoing, I believe and assert that PECO's decision to fire me was an act of retaliation for reporting sexual harassment in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The other incidents that occurred after I stood up to Darnell but remained employed (as detailed above) were also retaliation given that they would have dissuaded a reasonable employee from speaking up about workplace discrimination and harassment. I also allege and believe that PECO violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* I told Johnston about my disability (extreme anxiety) and asked for a reasonable accommodation regarding handling his "investigation." I was already physically ill from what was going on. Johnston did just the opposite of what I requested, refusing me that simple accommodation. And, frankly, I think he stirred up a hornet's nest hoping I would quit. Further, given the timing of when I notified Johnston of my disability (and when I attempted to assert my rights under the ADA), I believe and allege that PECO's decision to fire me was due to my disability and in retaliation for asking for an accommodation, both in violation of the ADA.




[3] Even the Plant Manager Clarence Lumpkin knew about my sexual harassment complaint, and he communicated it was as problem for him.